## MARCULESCU v. FOX.

(Supreme Court, Appellate Term.  November 22, 1910.)

JUDGMENT (§ 954*)—JUDGMENT AS ESTOPPEL—IDENTITY OF ISSUES—EVIDENCE.
    A landlord's petition for the dispossession of a tenant, alleged that the tenant's possession expired on May 1, 1910, and the tenant pleaded a general denial and also set up new matter, provable as a separate defense, alleging a right of possession until March 5, 1911.  A general verdict was rendered for the tenant, but the record did not show that the verdict was based upon the tenant's contention as to his right of possession.  The landlord again brought proceedings to dispossess the tenant, upon the theory that he had no right to possession after July 5, 1910, and the proceeding was dismissed, on the ground of having been formerly adjudicated.  *Held* that, as it appeared that the verdict and judgment in the former action might have been based upon any one of the two issues of fact presented by the tenant's answer, the tenant, in order to avail himself of the former judgment as conclusive evidence as to a particular fact, must show affirmatively that the judgment was based upon that fact, and where he does not sustain this burden of proof the dismissal of a subsequent action raising the issues involved in the former suit, on the ground of former adjudication, is error.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1816–1818; Dec. Dig. § 954.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary proceedings by Solomon Marculescu against Charles L. Fox.  From a final order, dismissing the petition, the landlord appeals.  Order reversed, and new trial granted.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Louis Diamant, for appellant.
Gustav Lange, Jr., for respondent.

SEABURY, J.  This is a proceeding by the petitioner to dispossess the tenant, on the theory that he was a holdover tenant after July 5, 1910.  The petitioner, who will hereafter be referred to as the landlord, was the lessee of the entire premises, known as 621 Second avenue and 250 East Thirty-Fourth street, under a lease which was executed and delivered to him on March 29, 1910.  The learned trial judge dismissed the present proceeding, upon the ground that a final order entered in another proceeding between the same parties was res adjudicata upon the issue here presented.

In this we think the learned trial judge was in error.  The petition in the first proceeding alleged, and was based upon the theory, that the lease under which the tenant had entered into possession expired on May 1, 1910, and consequently after that date the tenant was a

mere holdover. In the answer in that proceeding the tenant pleaded, first, a general denial, and, second, that he was in possession under a lease the term of which would not expire until March 5, 1911. The issues in that proceeding were tried by a jury, and a general verdict in favor of the tenant was rendered, upon which a final order was entered.

Assuming that the answer in the first proceeding set forth new matter which was properly provable as a separate defense, the record in this proceeding fails to disclose that the verdict of the jury in the first proceeding was founded upon the theory set up as a separate defense in the first proceeding. It is true that the verdict of a jury upon a litigated fact is conclusive ever after. But the very fact claimed by the respondent to have been litigated is not shown by evidence to have been litigated in the first proceeding. In the first proceeding the landlord alleged that the tenant was a holdover after May 1, 1910. The answer was a general denial, and for a separate defense alleged that the tenant was in possession under a lease the term of which would not expire until March 5, 1911. The evidence adduced upon the first proceeding was not before the judge below, and it is clear from a recitation of the pleadings in the first proceeding that the verdict of the jury in the first proceeding may have been based upon any one of several different theories, and that the exact theory upon which the verdict of the jury was based cannot be determined without the aid of some evidence to show what the litigated facts were.

As the pleadings show that the first final order may have been rendered upon one of several theories, and as there is no evidence to disclose upon which theory it was made, it is clear that the position of the respondent that the final order is a bar to this proceeding is untenable. "In such a case, where a judgment may have proceeded upon either or any of two or more different and distinct facts, the party desiring to avail himself of the judgment as conclusive evidence upon some particular fact must show affirmatively that it went upon that fact, or else the question is open for a new contention." Lewis v. Ocean Navigation & P. Company, 125 N. Y. 341, 348, 26 N. E. 301. The respondent did not sustain the burden of showing that the first order was based upon the fact that he had possession of the premises under a lease the term of which does not expire until March, 1911. The question now presented, viz., whether the tenant was a holdover in July, 1910, is still open for contention, and is not answered by the final order entered in the former proceeding.

The order is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.